IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Bellande Domercant, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| State Farm Fire and Casualty Company, | : | 1:11-cv-02655-JOF |
| Defendant. | : | |

## ORDER

This matter is before the court on Plaintiff's Motion for Reconsideration and/or Clarification [116] and State Farm's Motion for Leave to File Second Motion for Summary Judgment [117].

**I.   Background**

Plaintiff, Bellande Domercant, filed suit against Defendant, State Farm Fire and Casualty Company, on July 14, 2011, in the Superior Court of DeKalb County, Georgia. State Farm removed the action to this court on August 11, 2011. In his Complaint, Domercant alleged that State Farm acted negligently and/or in bad faith in failing to settle a lawsuit against him, and also brought claims for breach of contract and punitive damages.

A brief recitation of the relevant facts helps set the stage for the current controversy. This case arises out of a tragic automobile accident caused by Domercant which left four young children dead and three individuals seriously injured. Domercant was covered under a liability insurance policy issued by State Farm that had liability coverage limits of $100,000 per person and $300,000 per accident.

Some time after the accident, Joseph Fried, an attorney for several of the claimants (the Gargiulos), sent to State Farm a time-limited demand for policy limits. The facts regarding State Farm's handling of the time-limited demand are hotly disputed, but ultimately the demand expired and State Farm failed to settle the claims against Domercant. The Gargiulos then sued Domercant and obtained a judgment in the amount of $9,705.335.13.

Domercant alleged that State Farm tortiously failed to settle the claims against him and argued that the totality of the circumstances created a jury question as to whether State Farm acted as an ordinarily prudent insurer or put its own interests above those of its insured. State Farm moved for summary judgment.

On March 5, 2013, the court granted in part and denied in part State Farm's motion for summary judgment. Specifically, the court held that (1) issues of material fact precluded summary judgment on Domercant's tortious failure to settle claim; (2) Domercant had abandoned his claim for damages based upon emotional distress by failing to mention it in

2

response to State Farm's motion; (3) Domercant could not recover damages based upon his fear of the effect the large judgment would have on his credit and his statement that the judgment had sapped him of his ambition; (4) Domercant failed to state a claim for punitive damages; and (5) Domercant had abandoned his claim for attorney's fees by failing to respond to State Farm's motion.

On March 11, 2013, Domercant's judgment creditors entered a Final Satisfaction of Judgment in the underlying liability case and released Domercant from all liability under the judgment. State Farm accordingly moves for leave to file a second motion for summary judgment, contending that Domercant cannot show that he has suffered any damages entitling him to recover from State Farm.

Around the same time, Domercant moved for reconsideration of parts of the court's order. Domercant urges this court to revisit its holdings as to emotional distress damages and attorney's fees. Domercant also seeks "clarification" regarding his entitlement to nominal damages.

**II.   Discussion**

Pursuant to Rule 59(e), the decision of whether to alter or amend a judgment is committed to the sound discretion of the district court. *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996). The court's local rules provide that motions for reconsideration shall not be filed as a matter of routine practice. Local Rule 7.2(E), N.D. Ga. Rather, motions for

3

reconsideration are "reserved for limited situations, namely the discovery of new evidence, an intervening development or change in the controlling law, or the need to correct a clear error or prevent a manifest injustice." *Preserved Endangered Areas of Cobb's History, Inc. (P.E.A.C.H.) v. United States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (O'Kelley, J.). Similarly, the "purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed." *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998). Domercant "must demonstrate why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (Evans, J.).

### A. Emotional Distress Damages and Attorney's Fees

In its summary judgment motion, State Farm argued Domercant could not recover damages for "the ordeal of going through trial and having to relive the devastating pain he caused the Gargiulo family." Because Domercant did not respond to this argument in his response brief, the court deemed it abandoned and granted State Farm summary judgment. Domercant now argues that the court should reconsider this ruling based on a need to correct "clear error." This supposed clear error stems from the fact that, exactly four months after briefing was completed on State Farm's motion for summary judgment, Domercant filed a supplemental notice citing one recent case he thought supported a claim for such damages.

4

The court does not agree that Domercant's belated supplemental brief demonstrates that the court committed clear error in deeming the claim abandoned. Nevertheless, the case relied upon in his supplemental brief is unavailing.

In *Blackburn v. BAC Home Loans Servicing, LP*, No. 4:11-CV-39, 2012 WL 6726588, at *11 (M.D. Ga. Dec. 27, 2012), the court examined Georgia law and determined that distress damages are recoverable where there is proof that such damages were caused by intentional misconduct. Here, the court found that Domercant had adduced some evidence of negligence, but no evidence that State Farm had acted with conscious indifference or with intent to cause harm. Thus, *Blackburn* is inapposite.

Domercant also moves the court to reconsider its ruling on attorneys' fees. Previously, the court found that Domercant had abandoned his claim for attorney's fees because he did not respond to State Farm's arguments at summary judgment. Domercant contends reconsideration is proper based upon the discovery of new evidence, which consists of the fact that State Farm finally satisfied the underlying judgment against him on March 11, 2013. Domercant argues that State Farm's delay in satisfying the judgment creates a jury question as to whether State Farm was "stubbornly litigious" or caused Domercant "unnecessary trouble and expense" within the meaning of O.C.G. A. § 13-6-11.

Domercant presents no new evidence. Domercant knew at the time he filed his summary judgment response that State Farm had not satisfied the underlying judgment

5

against him. He clearly had an opportunity to present the same arguments he makes now at that stage of the litigation. Accordingly, the court will not revisit the issue.

### B. Nominal Damages

Now that State Farm has satisfied the underlying judgment against him, Domercant seeks "clarification" that he is entitled to have a jury decide whether he is entitled to nominal damages. It is unclear whether Georgia law permits nominal damages in a tortious failure to settle a case such as this. The cases discussing this tort only refer to damages as the excess judgment rendered against the insured. *See, e.g.*, *Cotton States Mut. Ins. Co. v. Brightman*, 276 Ga. 683, 684 (2003); *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 870 (1984). Nevertheless, if nominal damages are available, Georgia case law "makes clear nominal damages are awarded: (1) where no actual damage flows from the injury; or (2) where the violation of a right is shown, substantial damages claimed, and some actual loss proved, and yet the damages are not susceptible of reasonable certainty as to their extent." *MTW Inv. Co. v. Alcovy Props., Inc.*, 273 Ga. App. 830, 832 (2005) (internal quotations and citations omitted).

Domercant bases his request for nominal damages on (1) the time lost and inconvenience experienced in being subjected to collection proceedings, participating in the underlying lawsuit, and bringing this lawsuit; (2) having to relive the horror and pain he

6

caused another family; (3) the pecuniary damage to his creditworthiness caused by the excess judgment; and (4) the costs incurred in bringing this action.

State Farm properly acknowledges that Domercant appears to be trying to circumvent the court's holdings by requesting that certain supposed injuries be remedied via nominal damages. During summary judgment, and above, the court found that Domercant abandoned his claim for emotional distress damages. Thus, Domercant cannot revive this claim by claiming such damages represent nominal damages.

As for the purported damage to his creditworthiness, Domercant provides no facts supporting the proposition that his credit suffered any setback at all. When asked whether the judgment has affected his credit score or ever caused him to be denied credit, Domercant simply responded, "I don't know." Domercant Dep., at 65-66. Instead, during summary judgment, Domercant principally argued that the large judgment may negatively affect his credit *at some point in the future*. Now that the judgment has been satisfied, this is no longer a concern. Domercant also testified that neither the Gargiulos nor anyone else has attempted to enforce the judgment against him. *Id.* at 65.

As for his time and the inconvenience of the lawsuits, Domercant cites no authority demonstrating that such complaints represent compensable injuries in a negligent failure to settle action. Domercant's only authorities on this issue date back to the late 1800s, long

7

before this tort was recognized. The court does not believe that lost time and inconvenience represent compensable injuries in a lawsuit such as this.

And finally, costs–other than attorney's fees–are typically allowed to the prevailing party under Federal Rule of Civil Procedure 54. Such costs do not represent nominal damages, however. Given the odd posture of this case, the parties may address in State Farm's second motion for summary judgment whether costs should be awarded to Domercant under Rule 54.

In sum, the court finds that Domercant has failed to demonstrate any actual injury or actual loss that could support a jury's award of nominal damages.

### III.    Conclusion

For the foregoing reasons, the court DENIES Domercant's Motion for Reconsideration and/or Clarification [116] and GRANTS State Farm's Motion for Leave to File Second Motion for Summary Judgment [117].

**IT IS SO ORDERED** this 24th day of June, 2013.

      S/   J. Owen Forrester
      J. OWEN FORRESTER
      SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

9

AO 72A
(Rev.8/82)